**Brandy Gene PRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–321–CR.**

Court of Appeals of Texas,
Waco.

Feb. 23, 2000.

Shelly D. Fowler, Cleburne, for appellant.

David W. Vernon, Asst. Dist, Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

Brandy Gene Price was charged with possession with the intent to deliver cocaine and possession of cocaine. Both offenses arose out of the same criminal transaction. After jury selection, Price did not return to his trial. Even though he was not present, he was convicted of both offenses. After being apprehended, Price was sentenced to 60 years and a $3,000 fine and 20 years and a $2,000 fine, respectively. Price now appeals those convictions and brings two issues for review.

### DOUBLE JEOPARDY

Due to the nature of the argument supporting his first issue, we construe Price's complaint to be one of a violation of the double jeopardy provisions of the United States and Texas Constitutions requiring reversal of his conviction. Price was charged in one indictment with possession with the intent to deliver cocaine (Count One) and possession of cocaine (Count Two) under the Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (d) & 481.115(a), (d) (Vernon Supp.2000).

### Applicable Law

■ Possession of cocaine is a lesser-included offense of possession with intent to deliver cocaine, and double jeopardy will not bar prosecution for both offenses if separate quantities of cocaine are identified for each offense. *Smith v. State*, 873 S.W.2d 773, 775 (Tex.App.—Fort Worth 1994, no pet.); *Greer v. State*, 783 S.W.2d 222, 224 (Tex.App.—Dallas 1989, no pet.). However, in Price's trial, the State admits that the evidence brought forth did not indicate that the cocaine alleged in Count One was a different quantity than that alleged in Count Two. The State acknowledges that in this case it should have elected the offense on which it would proceed or that the trial court should have instruct-

ed the jury that it could convict on only one of the offenses. We agree. Because there was evidence of only the possession with intent to deliver cocaine offense committed by Price, the State was not entitled to seek or obtain a conviction for the two offenses alleged. *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex.Crim.App.1998).

■ When there has been an impermissible conviction of a defendant of a greater offense and a lesser-included offense, the proper remedy is to reform the judgment by vacating the lesser conviction and sentence. *Id.; Pena–Mota v. State*, 986 S.W.2d 341, 349 (Tex.App.—Waco 1999, no pet.). The lesser conviction and sentence is the one Price received under Count Two. Possession of cocaine is a second degree felony, and Price received a sentence of 20 years; whereas, possession with the intent to deliver cocaine is a first degree felony, and Price received a sentence of 60 years. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (d) & 481.115(a), (d) (Vernon Supp.2000). Accordingly, Price's first issue is sustained, and we vacate and set aside the lesser conviction for possession of cocaine as alleged in Count Two of the indictment.

### MISTRIAL/CONTINUANCE

In his second issue, Price contends that the trial court erred in denying his motion for mistrial and his motion for continuance. Both motions were based on the State's failure to conduct and provide the results of fingerprint analysis incriminating Price until after the voir dire examination had been completed. Price reasoned a mistrial was required because the State had had the items examined in its possession for over one year and had waited to check for his fingerprints on them until after the trial had begun. The trial court denied his motion.

■ In his brief, Price presents no authority to support his position that the trial court erred in denying his motion for mistrial, as is required by the Rules of Appel-

late Procedure. Tex.R.App. P. 38.1(h). Thus, this portion of his second issue is inadequately briefed and presents nothing for review. *Dunn v. State,* 951 S.W.2d 478, 480 (Tex.Crim.App.1997).

After the denial of his motion for mistrial, Price asked the trial court for a continuance so the fingerprint evidence could be examined and tested. He requested a two week to 30 day continuance. The trial court granted a 24 hour continuance and the funds necessary to obtain an expert to examine and compare the fingerprint evidence. Price initially agreed with this amount of time and informed the trial court that he would ask for more time if necessary. Shortly thereafter, Price revisited the issue and requested a 48 hour continuance, but the trial court reiterated its 24 hour ruling. When the trial resumed the next day, there was no request for more time to examine and test the evidence.

A continuance may be granted after a trial has begun "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." Tex.Code Crim. Proc. Ann. art. 29.13 (Vernon 1989). A continuance may be only for as long as is necessary. *Id.* art. 29.03. The trial court granted Price's continuance, but not for the amount of time he initially requested. The court reasoned that if the State could discover the fingerprint and compare it to Price's fingerprints within 24 hours, Price could obtain an expert and test the evidence within the same time frame. When the trial resumed the next day, Price did not request any additional time to examine the evidence. Price raises no other complaint in his brief about the admission of the fingerprint evidence. We can only conclude, therefore, that the continuance was granted only for as long as was necessary. No error occurred in continuing the trial for 24 hours rather than for 48 hours to 30 days as was requested. Price's second issue is overruled.

CONCLUSION

Having sustained Price's first issue and overruled his second issue, we reform the judgment to delete the conviction for the lesser offense of possession of cocaine, and, as reformed, the judgment is affirmed.