Willie Thornton v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-308-CR

     WILLIE THORNTON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court No. 5
Dallas County, Texas
Trial Court # F99-43676
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Willie Thornton was convicted of possession with intent to deliver more than 4 grams but less
than 200 grams of cocaine. Tex. Health & Safety Code Ann. §§ 481.102, 481.112(d) (Vernon
Supp. 2001). Punishment was enhanced by a prior offense, and Thornton was sentenced to 75
years’ imprisonment and a $10,000 fine. He appeals, asserting three issues for review. He
complains that the court committed error when it failed to give an instruction on the lesser-included offense of possession and when it allowed the State to impeach him on the facts of a prior
conviction. He also asserts that the evidence is factually insufficient to support his conviction. 
We will affirm the judgment.
THE FACTS
      Because Thornton challenges the factual sufficiency of the evidence to support his conviction,
we will detail the evidence as presented at trial. 
mark pippins
      Officer Mark Pippins testified that he and other officers surveyed a house on Canal Street (the
house) and determined that it was a place from which drugs were regularly sold. A confidential
informant was sent into the house to purchase drugs. A search warrant was issued and, on January
14, 1999, the officers executed the search warrant. Pippins testified that they arrived at the house
around 9:00 p.m. Pippin observed “a black male wearing a white shirt and white pants step onto
the porch and look [toward the police].” Pippin stated that this man ran back into the house once
he realized that the police were there. Pippin identified Thornton as the man he saw on the porch
that night.
phillip elliott
      Officer Phillip Elliott testified that he was involved in the execution of the search warrant on
January 14. Elliott was responsible for stopping anyone running from the east and south sides of
the house. After seeing Thornton run into the house, Elliott ran through the yard to the east of
the house and saw Thornton as he ran “out of the back of the residence of the target house, threw
something in a car, then continued running through the back yard at an angle.” Elliott testified
that he then saw Thornton lie down between two cars. Elliott caught Thornton between the cars
and placed him in custody.
      Elliott testified that the object Thornton threw into a car was shiny and clear, like plastic. He
testified that a “baggie” retrieved from the car by Officer George Pryor appeared to be the same
object that Thornton tossed into the car.
Troy Klinglesmith
      Officer Troy Klinglesmith testified that he drove a squad car to the house on January 14 for
the execution of the search warrant. He stated that Thornton was on the front porch and ran into
the house when the police arrived. Klinglesmith ran to the east of the house to catch Thornton. 
Klinglesmith saw Thornton attempt to hide between two cars and saw him place something under
one of the cars, but did not see him throw anything into a car. Klinglesmith later determined that
Thornton had placed a ring of keys under one of the cars. He testified that Elliott caught Thornton
and placed him in custody. 
George Pryor
      Officer George Pryor testified that he also was part of the team executing a warrant on the
house on January 14. He testified that he saw Thornton throw an object into a car while Elliott
was chasing him. After Elliott placed Thornton in custody, Pryor retrieved the object from the
car and saw that it was a “baggie” containing what appeared to be cocaine. A “field test” was
performed on the substance in the “baggie” and it was determined to be cocaine.
Tamara Howard
      Tamara Howard testified that she is a drug chemist with the Institute of Forensic Sciences in
Dallas. Howard tested the cocaine that the officers testified was thrown into a car by Thornton. 
She found that the “baggie” contained 4.8 grams of cocaine, 5.8 grams including adulterants and
dilutants.
Anthony Gipson
      Anthony Gipson testified that he is a narcotics detective with the Dallas Police Department. 
He works with informants making undercover purchases of drugs and performs other duties which
ultimately lead to the execution of search warrants specifically for drug-related crimes. He
testified that it is not the normal practice to fingerprint a “baggie” of drugs when officers have
seen someone in possession of the drugs. Gipson stated that fingerprints are taken only when
trying to link the drugs to a person who has not been seen in possession of the drugs. He further
testified that it is difficult to retrieve fingerprints from a plastic bag.
      Gipson testified that 5.8 grams of cocaine is a large quantity, about ten to fifteen times the
amount that an individual would use. He stated that someone buying 5.8 grams of cocaine “is
almost without exception buying them in order to resell all or a portion of the drugs.” Gipson
testified that the cocaine in the “baggie” that Thornton tossed into a car valued at about $580.
FACTUAL SUFFICIENCY OF THE EVIDENCE
      In conducting a factual-sufficiency review, we must ask whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000) (citing Mata v. State, 939 S.W.2d 719, 729 (Tex. App.—Waco
1997, no pet.) (Justice Vance, concurring)). When performing our review, we give due deference
to the factfinder’s assessment of the weight and credibility of the evidence. Id. at 9. We will find
the evidence factually insufficient only where necessary to prevent manifest injustice. Id. at 11.
      Thornton asserts that the testimony from Elliott and Pryor that they saw Thornton throw
something into a car is insufficient to connect Thornton to the bag of drugs retrieved from the car. 
He alleges that Klinglesmith’s testimony that he saw Thornton place a ring of keys under a car
casts a shadow over the testimony that he threw a bag into a car. He maintains that the officers’
failure to test the bag for Thornton’s fingerprints further weakens the evidence against him. 
      The evidence establishes that both Elliott and Pryor witnessed Thornton throw something into
a car. They each identified a “baggie” of cocaine as the object which they saw Thornton throw
into the car. Nothing else was retrieved from the car. The substance in the “baggie” tested
positive for cocaine. Viewing all the evidence neutrally, we find the evidence is factually
sufficient to support the jury’s verdict. Id. Issue three is overruled.
JURY INSTRUCTION
      In his first issue, Thornton complains that the court erred in failing to instruct the jury on the
lesser-included offense of possession of a controlled substance. 
      In determining whether the trial court erred in failing to give a charge on a lesser-included
offense, we review all of the evidence presented at trial. Jones v. State, 984 S.W.2d 254, 257
(Tex. Crim. App. 1998). We examine that evidence under a two-step analysis. Davis v. State,
22 S.W.3d 638, 640 (Tex. App.—Waco 2000, pet. ref’d) (citing Forest v. State, 989 S.W.2d 365,
367 (Tex. Crim. App. 1999); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.
1993)). First, the lesser-included offense must be included within the proof necessary to establish
the offense charged. Id. Second, there must be some evidence in the record that would permit
a jury rationally to find that if the defendant is guilty, he is guilty of only the lesser offense. Id. 
If a defendant presents no evidence and no other evidence raises the issue of a lesser offense, a
charge is not required. Id. (citing Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App.
1985); Garcia v. State, 17 S.W.3d 1, 5-6 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d)).
      We focus on only the second step in the analysis because the State does not contest that
possession of cocaine is within the proof necessary to establish possession with intent to deliver. 
Thus, the first prong is satisfied. See Tex. Health & Safety Code ANN. §§ 481.112(a),(d);
481.115(a),(d) (Vernon Supp. 2001); see also Price v. State, 15 S.W.3d 577, 578 (Tex.
App.—Waco 2000, pet. ref’d). Thus, we must find some evidence in the record that would permit
a jury to find that if the defendant is guilty, he is guilty of only the lesser offense. Davis, 22
S.W.3d at 640.
      Thornton maintains that he was not named in the search warrant nor was he the individual
who sold drugs to the informant who the police used to obtain the warrant. The evidence is that
the drugs were not packaged for individual resale and Thornton had no other money or drug
paraphernalia on him. Nevertheless, Officer Gipson testified that the amount of cocaine in
Thornton’s possession (which he tossed into the car) was ten to fifteen times the amount that an
individual would use. No evidence refuted this testimony. Gipson testified that “somebody
buying 5.8 grams [of cocaine] is almost without exception buying them in order to resell all or a
portion of the drugs.” This testimony was likewise not refuted. Thus, Thornton fails to establish
the second step in the two-step analysis. The evidence does not establish that an instruction on the
lesser-included offense of possession should have been given. Davis, 22 S.W.3d at 640. Issue
one is overruled.
IMPEACHMENT
      In his second issue, Thornton urges that the trial court erred in allowing the state to impeach
him on the facts of the aggravated sexual assault with a deadly weapon offense which was used
to enhance his punishment in the present case. 
      Rule 609(a) of the Rules of Evidence provides:
      Rule 609. IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME
 
(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the
witness has been convicted of a crime shall be admitted if elicited from the witness or
established by public record but only if the crime was a felony or involved moral turpitude,
regardless of punishment, and the court determines that the probative value of admitting this
evidence outweighs its prejudicial effect to a party.

Tex. R. Evid. 609(a). Thornton does not deny that the fact of the conviction was admissible, but
rather he asserts that he admitted that he had been convicted of aggravated sexual assault with a
deadly weapon and that continued questioning regarding that offense “was done for the sole
purpose of inflaming the jury.” In fact, he did not initially admit the conviction. He pled “not
true” to that portion of the indictment asserting his prior conviction. The State questioned
Thornton regarding that conviction as follows:
      State:    Mr. Thornton, really our question here is whether or not you were previously
convicted of aggravated sexual assault with a deadly weapon.
 
      Thornton:    I was convicted of it, but I didn’t do it. I just took probation so I can get out of
jail. 
 
      State:    Okay. Now let’s take it one day at a time--or one question at a time. You pled not
true to the second paragraph, which says that you were convicted of aggravated
sexual assault with a deadly weapon. Now, are you saying that you have been
convicted, or that you have not been convicted?
 
      Thornton:    I--I had got probation for it.
 
      State:    All right. Are you saying you have been convicted of it?
 
      Thornton:    Yes, sir.
 
      State:    All right. So when you pled not true, that’s incorrect. You were the person in the
pen packet that went to prison because--for having been convicted of aggravated
sexual assault with a deadly weapon?
 
      Thornton:    Yes, sir.

      The State went on to establish that, although Thornton did initially receive probation, it was
revoked and he was sent to prison for aggravated sexual assault with a deadly weapon. Thornton
continued to deny committing the offense, at which time the State asked Thornton if he
“remembered” various facts of the crime. Thornton answered “no.”
      A defendant who testifies at trial places his credibility at issue and may be impeached and
contradicted like any other testifying witness. White v. State, 21 S.W.3d 642, 646 (Tex.
App.—Waco 2000, pet. ref’d) (citing Harper v. State, 930 S.W.2d 625, 630-31 (Tex.
App.—Houston [1st Dist.] 1996, no pet.); Booker v. State, 929 S.W.2d 57, 65 (Tex.
App.—Beaumont 1996, pet. ref'd)). If he creates a false impression about his propensity for
committing criminal acts, he opens the door for rebuttal evidence. Delk v. State, 855 S.W.2d 700,
704 (Tex. Crim. App. 1993). The trial court did not commit error in allowing the State to
question Thornton about his prior conviction. Issue two is overruled.
      Having overruled each issue presented, we affirm the judgment.
 
BOBBY L. CUMMINGS
                                                                       Justice

Before Chief Justice Davis
          Justice Gray, and
          Justice Cummings (retired)
Affirmed 
Opinion delivered and filed February 28, 2001
Do not publish          



>Do not publish
[WITHDRAWN BY ORDER 3-31-97]