TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00244-CR






Michael Anthony Berger, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT

NO. 9014204, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING





O P I N I O N




 Appellant, Michael Anthony Berger, appeals his conviction for possession with intent
to deliver and possession of a controlled substance. By two points of error, appellant claims that the
trial court erred in (1) submitting a question of law for determination by the jury, and (2) entering
judgments of conviction for both possession with intent to deliver and possession, claiming a
violation of double jeopardy. Both convictions arose from the discovery of 1.05 grams of
methamphetamine on appellant's person. Because appellant failed to preserve error regarding the
jury instruction, we will overrule his first point of error. However, because the two convictions arose
out of the same transaction and require proof of the same elements, we will vacate the judgment for
possession of a controlled substance and affirm the judgment for possession with intent to deliver
a controlled substance.

FACTUAL AND PROCEDURAL BACKGROUND


 In response to a 911 call concerning a disturbance at an apartment complex in
southwest Austin, Officer William Clark arrived at the scene to discover seventeen-year-old Johnny
Galvan locked out of his residence. Galvan told Officer Clark that he lived in the apartment with
his aunt (1) and that he had been locked out by friends of his aunt who did not reside in the apartment. 
Galvan gave Officer Clark consent to enter the apartment. Officers Clark and Tommy Connor, who
had responded to the scene as backup, went up to the apartment and knocked on the door. Appellant
opened the door and was asked to step outside and speak with the officers. Instead he attempted to
close the door as another person in the apartment, appellant's girlfriend, began shouting that the
officers could not come inside. Officer Clark prevented appellant from closing the door, restrained
appellant against the wall, and entered the apartment.

 Officer Clark ran a warrant check, learned that appellant had an outstanding warrant
for his arrest, and arrested him. During a search incident to the arrest, the officer found a small box
in appellant's left rear pocket. The box contained small zip-lock bags, several multi-colored rubber
bands, a syringe, and three vials that each contained a white powdery substance. Subsequent testing
of the contents of the vials determined each to contain methamphetamine. The aggregate weight was
1.05 grams.

 Appellant was charged under a single indictment containing three paragraphs. 
Paragraph I charged appellant with possessing with intent to deliver less than four grams of
methamphetamine, a second-degree felony. See Tex. Health & Safety Code Ann. §§ 481.112(c)
(West Supp. 2003). Paragraph II charged appellant with possessing less than four grams of
methamphetamine, a third-degree felony. See id. § 481.115(c) (West Supp. 2003). Paragraph III
charged appellant with being a repeat felony offender. See Tex. Pen. Code Ann. §§ 12.42(a)(3), (b)
(West 2003). (2) The jury found appellant guilty on counts I and II, appellant pleaded true to the
enhancement paragraph, and the trial court assessed punishment at twelve years on each count. This
appeal followed.


DISCUSSION


 Appellant argues that the trial court erred in presenting a matter of law--whether
appellant had been detained prior to search--to the jury for determination. He argues that because
a question of law is one to be decided by the court, it is reversible error to present that question to
the jury. While we agree that a question of law should be decided by the court, we disagree with
appellant's contention that there was reversible error in this case.

 Preliminary questions regarding the admissibility of evidence must be determined by
the court. Tex. R. Evid. 104(a). The decision to exclude evidence may be determined by a ruling
of law, a finding of fact, or both. Pierce v. State, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). The
trial court admitted, over appellant's objection, the evidence seized after the arrest. (3) Once the
evidence seized from the appellant was admitted, the court had made its decision on the preliminary
question of admissibility.

 Texas's exclusionary rule is set out in the first sentence of article 38.23(a) of the code
of criminal procedure, which provides:


No evidence obtained by an officer or other person in violation of any provisions of
the Constitution or laws of the State of Texas, or of the Constitution or laws of the
United States of America, shall be admitted in evidence against the accused on the
trial of any criminal case. 



Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2003). Once a trial court has admitted
evidence, a defendant may contest the validity of the facts surrounding the obtaining of the evidence. 
Pierce, 32 S.W.3d at 251. If an issue of fact is raised in this manner, the second sentence of article
38.23(a) requires a trial court to submit this issue to the jury. (4) This sentence operates only if the
trial court has admitted evidence. Id.

 The trial court submitted to the jury an instruction requiring them to exclude from
their consideration all evidence seized from appellant during the post-arrest search unless they first
found, beyond a reasonable doubt, that appellant: (1) was not detained prior to the time information
regarding the arrest warrant was received by the officers; or (2) was detained prior to the time the
officers received information regarding the arrest warrant, and, at the time of such detention, Officer
Clark had reasonable suspicion to believe that the defendant was connected with some criminal
activity that had occurred or was occurring; or (3) was detained without reasonable suspicion prior
to the time the officers received information regarding the arrest warrant, and the seizure of evidence
from appellant, if any, was not obtained as a result of such detention. In response to the State's
objection to this instruction, the court replied that it believed that a fact issue had been raised as to
whether the defendant had been detained, that the appellant was "entitled to a charge on reasonable
suspicion for such detention, if there was one," and there was "an attenuation of taint" regarding the
evidence. Appellant's counsel twice told the court that he had no objection to the instruction. 

 To preserve error, a defendant must distinctly specify each ground of his objection
to a jury charge. Tex. Code Crim. Proc. Ann. art. 36.14 (West 1981). Compliance with this rule is
mandatory. See Pennington v. State, 697 S.W.2d 387, 390 (Tex. Crim. App. 1985) ("[Article 36.14]
is mandatory and there must be strict compliance with its provisions to warrant review."). The only
exception to this rule is to be found in article 36.19, which allows for reversal when article 36.14 has
been disregarded but "it appears from the record that the defendant has not had a fair and impartial
trial." Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). The "fair and impartial trial"
requirement has been interpreted to mean that error is reversible only when the is error is
"fundamental" and has caused "egregious harm." Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985).

 Appellant claims that the instruction denied him due process of law. He argues that
submitting the question of detention to the jury was analogous to submitting the question of the
voluntariness of a confession, which would violate due process. See Jackson v. Denno, 378 U.S.
368, 391 (1964); Lopez v. State, 384 S.W.2d 345, 348 (Tex. Crim. App. 1964). "A defendant . . .
has a right, entirely apart from guilt or innocence, not to be convicted with illegally obtained
evidence." Pierce, 32 S.W.3d at 253. In situations involving both voluntariness of a confession and
illegally obtained evidence, the question of credibility is a question of fact properly submitted to the
jury. See Jackson, 378 U.S. at 386 n.13; Pierce, 32 S.W.3d at 253. It does not deny due process for
a trial court to submit to the jury, in the manner provided by article 38.23(a), the question of the
credibility of evidence once it believes a fact issue has been raised. Appellant attempted throughout
the trial to raise an issue regarding whether the evidence had been illegally obtained. Therefore, it
was not a violation of due process to submit this question to the jury. Because appellant did not
object to the instruction at issue, and because the instruction did not deny him a fair and impartial
trial, appellant's first point of error is overruled.

 In his second point of error, appellant argues that he was punished twice for the same
offense, violating the guarantee against double jeopardy under the Fifth Amendment of the United
States Constitution. He claims that possession of a controlled substance is a lesser-included offense
of possession with intent to deliver. He argues that because these two crimes require the prosecution
to prove the same elements, and because the convictions arose from one transaction, he has been
subjected to multiple punishment for one crime. We agree.

 The Fifth Amendment guarantee against double jeopardy protects against: (1) a
second prosecution for the same offense following conviction; (2) a second prosecution for the same
offense following acquittal; and (3) multiple punishments for the same offense. Illinios v. Vitale,
447 U.S. 410, 415 (1980); Cervantes v. State, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991). When
the same act or transaction violates two different penal statutes, the two offenses are the same for
double-jeopardy purposes if one of the offenses contains all the elements of the other. Blockburger
v. United States, 284 U.S. 299, 304 (1932). Cumulative punishment may be imposed where separate
offenses occur in the same transaction, as long as each conviction requires proof of an additional
element which the other does not. Id.; Phillips v. State, 787 S.W.2d 391, 394 (Tex. Crim. App.
1990). Absent indication of contrary legislative intent, it is presumed that the legislature did not
intend to authorize multiple punishments for two offenses that are the same under the Blockburger
test. Whalen v. United States, 445 U.S. 684, 691-92 (1980); Duvall, 59 S.W.3d at 777.

 In Texas, an offense is included within another if, among other things, "it is
established by proof of the same or less than all the facts required to establish the commission of the
offense charged." Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 1981); see also Hutchins v. State,
992 S.W.2d 629, 631 (Tex. App.--Austin 1999, pet. ref'd). The State concedes that possession of
a controlled substance is a lesser-included offense of possession with intent to deliver. See
Upchurch v. State, 23 S.W.3d 536, 538 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd).

 Appellant was arrested with 1.05 grams of methamphetamine in his pocket. This is
the single transaction giving rise to the convictions at issue. While it was permissible to submit both
offenses the appellant was charged with to the jury, appellant could not be convicted of both. See
Landers v. State, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997). Appellant was subjected to multiple
punishment for the same criminal transaction in violation of double jeopardy. When there has been
an impermissible conviction of a defendant in violation of double jeopardy as in the instant case, the
proper remedy is to reform the judgment by vacating the offense with the least serious punishment. 
Id. at 560; see also Hutchins, 992 S.W.2d at 632 (citing Landers to dismiss a conviction for
indecency with a child by exposure and retain a conviction of aggravated sexual assault of a child
by penetration); Price v. State, 15 S.W.3d 577, 578 (Tex. App.--Waco 2000, pet. ref'd) (dismissing
conviction of possession of cocaine and retaining conviction of possession with the intent to deliver
cocaine).

 Retaining the conviction with the "most serious punishment" requires determining
which conviction resulted in the longest sentence imposed, with rules of parole eligibility and good
time serving as a tie-breaker. Landers, 957 S.W.2d at 560. Relying upon how a statute is structured
to determine "greater" and "lesser" offenses should not be taken into account to determine which
imposes the longest sentence, because "that structure has no necessary relationship to the seriousness
of the offense." Id. at 560-61 (dismissing greater inclusive offense of theft of property, carrying a
sentence of nine months, and retaining lesser included offense of unauthorized use of a motor
vehicle, carrying a sentence of sixty-two years). The trial court imposed identical twelve-year
sentences for each offense. The parties do not inform us of any differences between the two
sentences regarding parole eligibility and good time to serve as a "tie-breaker." Independent review
of the parole eligibility guidelines does not indicate a distinction in parole eligibility for the two
offenses in this case. See Tex. Gov't Code Ann. §§ 508.145, .149 (West Supp. 2003).

 Possession of a controlled substance is a third-degree felony, with a range of
punishment of not more than ten years or less than two years. Tex. Pen. Code Ann. § 12.34(a) (West
1994). Possession of a controlled substance with intent to deliver is a second-degree felony, with
a range of punishment of not more than twenty years or less than two years. Id. § 12.33(a). In
appellant's case, the charges were enhanced by a prior felony conviction. See id. §§ 12.42(a)(3), (b). 
Possession of a controlled substance was therefore enhanced to a second-degree felony and
possession of a controlled substance with intent to deliver was enhanced to a first-degree felony, with
a range of punishment of not more than ninety-nine years or less than five years. Id. § 12.32(a). 
Possession of a controlled substance with intent to deliver is clearly the offense with the broadest
range of punishment and of the larger degree. Therefore, we hold that appellant's conviction for
possession of a controlled substance with intent to deliver carries the most serious punishment and
his conviction for possession of a controlled substance will be vacated.


CONCLUSION

 The district court rendered two written judgments of conviction, one for each of the
two offenses for which appellant was convicted. The judgment of conviction for possession of
methamphetamine is reversed and paragraph two of the indictment is dismissed. The judgment of
conviction for possession of methamphetamine with intent to deliver is affirmed. 



 

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed in Part; Reversed and Dismissed in Part

Filed: April 3, 2003

Publish

1. It was subsequently adduced that the tenant of the apartment was not Galvan's aunt but a
friend of his mother's. Galvan lived in the apartment with the tenant.
2. Section 12.42(a)(3) enhances punishment of a third-degree felony to a second-degree
felony and section 12.42(b) enhances punishment of a second-degree felony to a first-degree felony
if the defendant has once before been convicted of a felony. Tex. Pen. Code Ann. §§ 12.42(a)(3),
(b) (West 2003).
3. Appellant objected to the introduction of this evidence during the trial. While a hearing
to suppress the evidence was never conducted, "the question of admissibility [can] be raised by an
objection when the evidence is offered." Pierce v. State, 32 S.W.3d 247, 251 (Tex. Crim. App.
2000).
4. The second sentence of article 38.23(a) reads:


In any case where the legal evidence raises an issue hereunder, the jury shall be
instructed that if it believes, or has a reasonable doubt, that the evidence was
obtained in violation of the provisions of this Article, then and in such event, the
jury shall disregard any such evidence so obtained.


Tex. Code Crim. Proc. Ann. art. 38.23(a).