**AFFIRMED as MODIFIED and Opinion Filed December 19, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00918-CR

### AUGUSTINE PINA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 204th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1751152-Q

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Whitehill

Appellant pled not guilty to possession with intent to deliver cocaine and the jury found

him guilty of the lesser-included offense of possession of cocaine. The court assessed punishment

at thirty years imprisonment.

In a single issue, appellant argues that the trial court erred by submitting a jury instruction

on the lesser-included offense because it was not requested by either party and was not the law of

the case.

In a cross-point, the State requests that we modify the judgment to reflect that the court

assessed punishment.

We conclude that we are bound by precedent from the Texas Court of Criminal Appeals

and a prior decision of this court holding that a trial court may submit a lesser-included offense

instruction, even though neither side requested it and even over defendant's objection. We therefore modify the judgment, and as modified, affirm.

## I.  BACKGROUND

Appellant was apprehended on a south-bound bus with 332 grams of cocaine stuffed in his pants and subsequently charged with possession with the intent to deliver.[1]  He pled not guilty to the charge.

The case was tried to the jury and both parties tried the case as an "intent to deliver" case. Detective Jose Cerda, the narcotics officer who apprehended appellant, testified that on the day in question, the police were looking for people trafficking in narcotics.  Appellant was nervous and fidgety when he spoke to Cerda and Cerda thought he might be reaching for a weapon.

After appellant consented to a pat down, Cerda felt an object that was not part of appellant's anatomy, and told appellant he felt something hard.  Appellant denied it.  But when the detectives removed appellant from the bus, he admitted that he was carrying cocaine.  A packet containing 332 grams of cocaine was recovered on his person.

Cerda gave several examples of indicators of drug trafficking, and said that appellant met some of these indicators.  He admitted, however, that appellant did not fit all of the indicators. Irving police detective Steven Junker provided expert testimony about drug trafficking based on his work on a special task force targeting drug cartels.  Junker opined that a person possessing 332 grams of cocaine would be in possession with intent to deliver.

Appellant did not testify and did not dispute that he possessed the cocaine.  His defensive theory at trial was that the State did not prove that he had the intent to deliver the cocaine.  During closing argument, the State argued that the only issue was whether appellant intended to deliver

---

[1] The total weight, including packaging, was 396.5 grams.

the drugs. Likewise, defense counsel reminded the jury that not all the indicators for intent to deliver were present and therefore appellant was not guilty of the charged offense.

Neither party requested that the lesser-included possession offense be included in the charge, but the trial judge included it anyway. Defense counsel objected that the jury should not be charged on lesser-included possession offense because (i) he was never offered a plea bargain to the charge of possession, (ii) the only charge ever discussed was possession with intent to deliver, and (iii) all of the State's witnesses believed he was in possession with intent to deliver. The trial court overruled the objection.

The jury sent the court a note during its deliberations, asking "If we are not unanimous on intent to deliver, do we <u>have</u> to find him guilty of possession or if we remain deadlocked, will there be a mistrial. We have one juror who does not believe there was intent to deliver and the other 11 do not want to just find possession. Can we please have a definition of constructive delivery (that might help)." The judge responded that the court could not answer the question and they should consider the instructions they had been given and continue its deliberations. The jury convicted appellant of the lesser-included offense of possession of cocaine.

## II. ANALYSIS

**A.**     **First Issue: Did the trial court abuse its discretion by submitting an unrequested issue on the lesser-included offense?**

We review the trial court's decision to submit a lesser included offense for an abuse of discretion. *Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005). We apply a two-pronged test to determine if the trial court should have given a jury charge on a lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). We first determine if the proof necessary to establish the charged offense includes the lesser offense. *Id*. If it does, we then review the evidence to determine that if appellant is guilty, he is guilty only of the lesser offense. *Id*.at 536.

–3–

The second step is a fact question and is based on the evidence presented at trial. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). This step requires us to determine whether "there is some evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). This evidence must show the lesser included offense is a "valid, rational alternative to the charged offense." *Id.* Moreover, it "is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

The goal of a jury charge is to guide the jury's deliberations in reaching an accurate verdict based upon the facts and the law. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." TEX. CODE CRIM. PROC. art. 37.08. Both the prosecution and the defense are "equally entitled" to an instruction on a lesser included offense. *Grey v. State*, 298 S.W.3d 644, 654 (Tex. Crim. App. 2009) (Cochran, J., concurring). Moreover, the trial court may include an instruction on a lesser-included offense, regardless of the parties' desires, requests, or objections. *See id.* (citing *Humphries v. State*, 615 S.W.2d 737, 738 (Tex. Crim. App. 1981) (trial judge may submit lesser-included-offense instruction even over defendant's objection).

Possession of cocaine is a lesser-included offense of possession with intent to deliver cocaine. *Price v. State*, 15 S.W.3d 577, 578 (Tex. App.—Waco 2000, pet. ref'd). Neither party disputes this proposition here. Instead, appellant argues that the trial court's *sua sponte* inclusion

of the lesser-included offense instruction in the charge was error because it was not the "law of the case."

Appellant argues that nothing in article 36.14 imposes a duty on a trial judge to *sua sponte* instruct the jury on unrequested defensive issues because an unrequested defensive issue is not the "law applicable to the case." Appellant's argument is premised is part on a court of criminal appeals opinion concerning the inclusion of a reasonable doubt instruction in the charge which states:

> The trial judge has an absolute *sua sponte* duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. But it does not inevitably follow that he has a similar *sua sponte* duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues. These are issues that frequently depend upon trial strategy and tactics.

*Delgado v. State*, 235 S.W.3d 244 (Tex. Crim. App. 2007); *see also Tolbert v. State*, 306 S.W.3d 776, 779–82 (Tex. Crim. App. 2010) (trial court is not statutorily required to *sua sponte* instruct jury on lesser-included offenses because whether to instruct on these issues frequently depends on trial strategy and tactics). According to appellant, this case was not tried as a possession case, but rather, was a possession with intent to deliver case from beginning to end. Therefore, the lesser-included offense of possession was not the "law applicable to the case."

The case law does not provide any in-depth analysis regarding what constitutes the "law applicable to the case" in this context, and *Delgado* does seem to suggest that the definition will vary from case to case depending on trial strategy and tactics. But the court of criminal appeals and this court have held that a trial court may submit a lesser-included offense instruction, even though defendant did not request the charge and even over defendant's objection. *See Humphries v. State*, 615 S.W.2d 737, 738 (Tex. Crim. App. [Panel Op.] 1981); *Le v. State*, No. 05-16-01324, 2018 WL 2001609, at *10 (Tex. App.—Dallas Apr. 30, 2018, no pet.) (mem. op.). We are bound by these decisions. *See State v. Hamlin*, 871 S.W.2d 796, 799 (Tex. App.—Houston [14th Dist.]

1984, pet. ref'd) (courts of appeal bound by prior decisions of court of criminal appeals); *Johnson v. State*, No. 05-92-01060-CR, 1993 WL 332444 at *4 (Tex. App.—Dallas Aug. 26, 1993, pet. ref'd) (mem. op.) (Morris, concurring) (following prior decision from this court as precedent). We thus resolve appellant's issue against him.

**B.      Cross-point:  Should the judgment be reformed?**

The State requests that we modify the judgement to reflect that the court, rather than the jury, assessed punishment.  We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so.  *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Here, the record reflects that the court assessed punishment.  We therefore sustain the State's cross-point and modify the judgment accordingly.

### III.  CONCLUSION

We resolve appellant's sole issue against him, sustain the State's cross-point, and modify the judgment to reflect that the court assessed punishment.  As modified, we affirm.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170918F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AUGUSTINE PINA, Appellant

No. 05-17-00918-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1751152-Q.
Opinion delivered by Justice Whitehill.
Justices Stoddart and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that the court assessed punishment.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered December 19, 2018.