## BRITISH AMERICAN INSURANCE COMPANY, Appellant,

v.

## Joseph R. COFFMAN, Appellee.

### No. 8631.

Court of Civil Appeals of Texas, Texarkana.

Dec. 5, 1978.

Rehearing Denied Jan. 3, 1979.

C. Cary Patterson, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Sherman A. Kusin, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellee.

RAY, Justice.

This is a workman's compensation case. Appellant (plaintiff), British American Insurance Company, brought suit against appellee (defendant), Joseph R. Coffman, seeking to set aside the award of the Industrial Accident Board of the State of Texas. Appellee Coffman filed a cross-action seeking compensation for his alleged total and permanent disability. Following a jury verdict finding appellee Coffman to be totally and permanently disabled, the trial court entered its judgment accordingly. Appellant insurance company has perfected its appeal and submits two points of error for our consideration.

The judgment of the trial court will be reversed and the cause remanded for a new trial.

Appellant's two points of error assert that the trial court erred in excluding evidence of the previous criminal record of appellee Coffman. Appellant made a Bill of Exceptions which reveals that Coffman entered a plea of guilty to possession of heroin and theft in October of 1977. Coffman stated that the theft charge was dismissed. Possession of heroin is a crime involving moral turpitude. It is not clear that the theft charge was dismissed because Coffman testified that he received probation for both offenses.

Coffman was injured on November 19, 1976, while working for Austin Bridge Company. He testified that he was helping to build a bridge, slipped and fell thirty-five feet to the ground, landing flat on his back. No other witnesses were called to verify the accident. As indicated, in October of 1977, appellee Coffman en-

tered his plea of guilty to two charges involving moral turpitude. The trial of the present case took place on January 30, 1978. A witness's prior conviction of a felony is admissible as impeachment evidence, if the felony is one involving moral turpitude and is not too remote. The conviction must have been sufficiently recent in time to have some bearing on the present credibility of the witness. *Landry v. Travelers Insurance Company*, 458 S.W.2d 649 (Tex. 1970).

Approximately four months had elapsed between appellee's entering his plea of guilty in the criminal cases and the beginning of the trial in the present case. It is our opinion that the pleas of guilty entered by appellee to crimes involving moral turpitude were so near in time to the civil trial as to be admissible as a matter of law. Since the pleas of guilty were so near in time to the civil trial as to be admissible as a matter of law, the trial court was without discretionary power to exclude such evidence and therefore abused its discretion in so doing under the facts and circumstances here presented. *Landry v. Travelers Insurance Company*, supra.

The judgment of the trial court is reversed and the cause is remanded for a new trial.