**Michael Earnest WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–084–CR.**

Court of Appeals of Texas, Waco.

June 7, 2000.

---

April Bodovsky, Hillsboro, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, for appellee.

Before Chief Justice DAVIS Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Michael Earnest White was charged by indictment with the felony offense of burglary of a habitation. He entered a plea of not guilty before the court and filed a motion to suppress evidence. After hearing the evidence pre-trial, the court denied the motion. A jury later convicted White and sentenced him to 25 years' confinement. White presents two issues for review. He contends (1) the court erred in overruling his motion to suppress because the evidence was seized during an illegal search and (2) the trial court erred when it allowed him to be impeached with evidence of a prior conviction. We conclude the trial court did not abuse its discretion by denying White's motion to suppress, because it could have found that the evidence was discovered and seized during a search for which consent had been given. Furthermore, the trial court did not abuse its discretion by allowing evidence of White's prior conviction, even though the prior conviction was for a similar offense. Thus, we will affirm the judgment.

## FACTS

On October 16, 1998, Hill County Sheriff's Deputies Kent Head and Jeff Lyon were dispatched to investigate a burglary of the residence of James Edward Green. A neighbor who resided across the street from Green informed Head that she saw

White put something in his car at Green's house earlier that day. Upon investigation, Head and Lyon learned where White resided, and they proceeded to his house to question his involvement.

As they approached his house, White met them outside. They told White that they were investigating a burglary. Upon request, White gave verbal and written permission to search his vehicle. White told Head that his wife, Amanda, could corroborate his whereabouts on October 16, but then he objected to Head's entering his house to question her. Head knocked on the door and entered the house. At trial, it was disputed whether Head asked for permission before entering the house. When asked if White brought anything home with him on that day, Amanda pointed to several items which generally matched the description of the reportedly stolen items. At that point, White was arrested and taken into custody. Later, Head obtained written permission to search the residence from Amanda, and the stolen goods were confiscated and taken to the Sheriff's Department.

## MOTION TO SUPPRESS

White first complains that the court erred in overruling his motion to suppress the evidence seized during the search of his house. He contends that the search was not supported by probable cause and the procurement of a search warrant was not impracticable. In addition, White contends that the Deputies lacked consent to enter his house. The State contends that Head was lawfully in the residence at the time the stolen goods were pointed out to him by Amanda, because she had invited him into the residence.

### Standard of Review

The appropriate standard for reviewing a trial court's ruling on a motion to suppress evidence was articulated in *Guzman v. State*. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim.App.1997). In that Fourth Amendment case, the Court of Criminal Appeals indicated that it would apply a bifurcated standard of review, giving "almost total deference to a trial court's determination of historical facts" especially when the trial court's findings are based on an evaluation of credibility and demeanor and reviewing *de novo* the court's application of the law of search and seizure. *Carmouche*, 10 S.W.3d at 327; *Guzman*, 955 S.W.2d at 89.

When seeking the suppression of evidence based on allegations of unlawful search and seizure, the accused bears the burden of rebutting the presumption that the police conduct was proper. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App. 1986); *Harris v. State*, 994 S.W.2d 927, 930 (Tex.App.—Waco 1999, no pet.). The presumption is rebutted by a showing that the search or seizure occurred without a warrant. *Johnson v. State*, 864 S.W.2d 708, 714 (Tex.App.—Dallas 1993), *affirmed*, 912 S.W.2d 227 (Tex.Crim.App. 1995); *Harris*, 994 S.W.2d at 930. The burden of proof then shifts to the State. *Harris*, 994 S.W.2d at 930. If the State is unable to produce a warrant, it must prove the warrantless search or seizure was reasonable. *Russell*, 717 S.W.2d at 10; *Harris*, 994 S.W.2d at 930.

Consent to search is one of the well-established exceptions to the constitutional requirements of both a warrant and probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–44, 36 L.Ed.2d 854 (1973); *Carmouche*, 10 S.W.3d at 331. The Fourth Amendment test for a valid consent to search is that the consent be voluntary, and voluntariness is a question of fact to be determined from the totality of the circumstances. *Carmouche*, 10 S.W.3d at 331. For the consent to be voluntary, it must not be the product of duress or coercion, actual or implied. *Id.*

Unlike the United States Constitution, under which prosecutors must prove by a preponderance of the evidence that consent to search was freely given,

the Texas Constitution requires that the State prove by clear and convincing evidence that consent to search was freely given. *Id.* If the record supports a finding by clear and convincing evidence that consent to search was freely and voluntarily given, we will not disturb that finding. *Id.*

### Analysis

 There is no dispute that Amanda had common authority over the premises to be searched. Consent can be given by the individual whose property is searched or by a third party who possesses common authority over the premises. *Illinois v. Rodriguez,* 497 U.S. 177, 181, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990); *Patrick v. State,* 906 S.W.2d 481, 490 (Tex. Crim.App.1995). "Common authority" is mutual use of the property by persons generally having joint access or control for most purposes. *Patrick,* 906 S.W.2d at 490. Amanda was married to White and had lived at the residence for more than a month.

 However, White contends that his wife only consented to speak to Head and not to his entering the house. At the suppression hearing, Head testified that he asked and was allowed to enter the residence by Amanda. On direct examination, Amanda testified that she was unclear as to whether she invited Head into her house or not. On redirect, Amanda testified that Head asked only to speak to her, but did not ask to come in. As the sole and exclusive trier of fact, the court could believe Head and disbelieve White's wife. *Carmouche,* 10 S.W.3d at 332; *Guzman,* 955 S.W.2d at 89. The record supports the finding that consent was freely and voluntarily given, and we are not at liberty to disturb it. *Carmouche,* 10 S.W.3d at 331. We overrule point one.

### IMPEACHMENT BY PRIOR CONVICTION

White's second point complains that the trial court erred when it allowed the State to impeach him with evidence of a prior conviction for burglary of a habitation, the same type of offense charged in the present case. White claims the unfair prejudice of the prior conviction outweighed its probative value and, therefore, its admission was harmful error. The State argues that the trial court did not err because the probative value of White's conviction far outweighed its prejudicial effect. The State claims that the trial court correctly analyzed the admission of White's previous conviction and that its ruling was proper.

### Rule 609(a)

 A defendant who testifies at trial places his credibility at issue and may be impeached and contradicted like any other testifying witness. *Harper v. State,* 930 S.W.2d 625, 630–31 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *Booker v. State,* 929 S.W.2d 57, 65 (Tex.App.—Beaumont 1996, pet. ref'd). Generally, a defendant who testifies may be impeached by evidence of a prior conviction if the crime was a felony or involved moral turpitude and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. Tex.R. Evid. 609(a); *Theus v. State,* 845 S.W.2d 874, 879 (Tex. Crim.App.1992); *Hernandez v. State,* 976 S.W.2d 753, 755 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd).

 When determining whether the probative value of a defendant's previous conviction outweighs its prejudicial effect, the court examines: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness' subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Theus,* 845 S.W.2d at 880; *Gaffney v. State,* 937 S.W.2d 540, 543 (Tex.App.—Texarkana 1996, pet. ref'd). When reviewing a trial court's decision to admit evidence of a defendant's previous conviction, we accord

the trial court "wide discretion" and reverse only when the court's decision lies outside the zone of reasonable disagreement. *Theus,* 845 S.W.2d at 881; *Gaffney,* 937 S.W.2d at 543.

### Theus Factors

 Analyzing the court's decision under the *Theus* factors, we find that the court did not abuse its discretion when it allowed the State to impeach White with his previous conviction for burglary of a habitation, a felony. First, burglary is a crime of deception. The impeachment value of a crime involving deception is higher than the impeachment value of a crime involving violence. *Theus,* 845 S.W.2d at 881. Consequently, the impeachment value of White's previous conviction for burglary was high. This first factor weighs in favor of admission.

Second, the temporal proximity of White's first offense relative to his current offense was within the ten-year time limit set by Rule 609 of the Rules of Evidence. Tex.R. Evid. 609(b). White's conviction for burglary of a habitation was approximately seven years before the State offered it to impeach his credibility. This second factor also weighs in favor of admission.

Third, White's prior conviction was for burglary of a habitation. Because White's prior conviction is similar to his present offense, the similarity factor weighs against the admission of the evidence. *Theus,* 845 S.W.2d at 881. However, the jury was charged to consider the previous conviction only to determine the weight to be given to White's testimony, not as evidence of guilt. We must presume the jury followed these instructions. *Gamez v. State,* 737 S.W.2d 315, 324 (Tex.Crim.App. 1987).

The fourth and fifth factors—importance of the defendant's testimony and his credibility—are related. *Theus,* 845 S.W.2d at 881. When the case involves the testimony of only the defendant and the State's witnesses, the importance of the defendant's credibility escalates. *Id.* As the importance of the defendant's credibility escalates, so does the need to allow the State an opportunity to impeach his credibility. *Id.* White presented an alibi defense. Normally when a defendant presents an alibi defense, the defendant's credibility is not a critical issue because the defendant will have other witnesses who will be able to give evidence of his defense. *Id.* However, White presented the testimony of only one alibi witness in addition to his own testimony. Further, White's alibi witness' testimony was contradicted by the State. Therefore, White's credibility was critical to his alibi defense.

We allow the trial court wide discretion in weighing these factors and deciding to admit the prior conviction. *Id.* A ruling permitting use of a prior conviction to impeach will be reversed only upon a showing of a clear abuse of discretion. *Id.* Four of the five factors militate toward allowing the State to impeach White with the prior conviction. We cannot say that the court committed an abuse of discretion. See *Edwards v. State,* 883 S.W.2d 692, 694–95 (Tex.App.—Texarkana 1994, pet. ref'd).

We overrule point two and affirm the judgment.