Michael John Smith v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-331-CR

     MICHAEL JOHN SMITH,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2000-14-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Michael John Smith of felony driving while intoxicated and assessed his
punishment at ten years’ imprisonment. Smith contends in his sole point that the court abused its
discretion by permitting the State to impeach him with a felony conviction which was more than
ten years old.
      The trial took place in October 2001. The prosecutor sought to impeach Smith with an April
1981 conviction for possession of methamphetamine. Smith objected under Rule of Evidence
609(b) and requested a mistrial because more than ten years had elapsed between the date of
conviction and the present trial. See Tex. R. Evid. 609(b). The court sustained the objection,
overruled the motion for mistrial, and instructed the jury to disregard the prosecutor’s question
regarding “the papers where [he was] convicted in this courtroom . . . .”
      The prosecutor then asked Smith if he had been convicted of a felony within the ten years
preceding the trial. He testified that he had a felony DWI conviction within that time period. 
Smith’s counsel requested a mistrial. The court overruled the motion for mistrial and excused the
jury for the evening.
      Outside the presence of the jury, the prosecutor explained that she had to bench warrant Smith
for his trial from the TDCJ substance abuse felony punishment facility. Smith had been sent there
as a condition of his community supervision for a 2001 felony DWI conviction from Nueces
County. Smith objected that this conviction could not be used for impeachment purposes because
it was not a final conviction. The court recessed for the evening without resolving the issue.
      The court conducted a further hearing outside the presence of the jury the next morning. The
prosecutor argued that the 1981 conviction should be admissible for impeachment purposes under
Rule 609 because it is a prior felony conviction and, although remote, Smith has had several other
misdemeanor and felony convictions since. The prosecutor also argued that the 2001 felony DWI
conviction was admissible for impeachment purposes regardless of whether it was a “final”
conviction.
      The prosecutor then reviewed the Theus


 factors for the court and argued that those factors
support the admission of both prior convictions for impeachment purposes. The prosecutor also
called a fingerprint expert and a records custodian to prove up the prior convictions outside the
presence of the jury.
      At the conclusion of the hearing, the court advised the parties that it would permit the
prosecutor to impeach Smith with both prior convictions.
APPLICABLE LAW
      Rule 609 provides in pertinent part:
(a) General Rule. For the purpose of attacking the credibility of a witness, evidence
that the witness has been convicted of a crime shall be admitted if elicited from the
witness or established by public record but only if the crime was a felony or involved
moral turpitude, regardless of punishment, and the court determines that the probative
value of admitting this evidence outweighs its prejudicial effect to a party.
 
(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period
of more than ten years has elapsed since the date of the conviction or of the release of the
witness from the confinement imposed for that conviction, whichever is the later date,
unless the court determines, in the interests of justice, that the probative value of the
conviction supported by specific facts and circumstances substantially outweighs its
prejudicial effect.

Tex. R. Evid. 609(a), (b).
      Generally, the State may impeach a testifying defendant with a prior conviction for a felony
or a crime involving moral turpitude if the court determines that the probative value of the
evidence outweighs its prejudicial effect. Id.; White v. State, 21 S.W.3d 642, 646 (Tex.
App.—Waco 2000, pet. ref’d).
      The Court of Criminal Appeals has identified five factors which the court should consider in
balancing probative value against prejudicial effect: (1) the impeachment value of the prior
conviction; (2) the temporal proximity of the prior conviction; (3) the similarity between the past
crime and the offense being prosecuted; (4) the importance of the defendant’s testimony; and (5)
the importance of the credibility issue. Theus v. State, 845 S.W.2d 874, 880 (Tex. Crim. App.
1992); Jackson v. State, 50 S.W.3d 579, 592 (Tex. App.—Fort Worth 2001, pet. ref’d); White,
21 S.W.3d at 646.
      The trial court has “wide discretion” in determining the admissibility of a prior conviction
under Rule 609. Theus, 845 S.W.2d at 881; White, 21 S.W.3d at 646-47. We will set aside the
court’s ruling only if it “lies outside the zone of reasonable disagreement.” Id.
Impeachment Value
      A crime involving deception has a higher impeachment value than a crime involving violence. 
Theus, 845 S.W.2d at 881; Jackson, 50 S.W.3d at 592; White, 21 S.W.3d at 647. Crimes
involving violence tend to be more prejudicial. Theus, 845 S.W.2d at 881; Jackson, 50 S.W.3d
at 592. The Court in Theus noted that, in cases in which the impeachment value of the prior
conviction is uncertain, evidence regarding the facts of the prior conviction can be considered by
the court in determining whether the prior conviction should be admitted. See 845 S.W.2d at 881-82.
      Smith’s conviction for possession of methamphetamine does not necessarily involve deception. 
Cf. U.S. v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977) (conviction for smuggling narcotics “has
more probative value on credibility than, for example, a conviction for mere narcotics
possession”); but see British Am. Ins. Co. v. Coffman, 574 S.W.2d 873, 873 (Tex. Civ.
App.—Texarkana 1978, no writ) (“Possession of heroin is a crime involving moral turpitude.”). 
The State offered no evidence in the hearing outside the presence of the jury regarding the facts
of the prior conviction. Cf. Theus, 845 S.W.2d at 882 (trial court should have considered facts
surrounding prior conviction in determining its admissibility). Based on the limited record before
us, we hold that this factor weighs against admissibility. See Jackson, 50 S.W.3d at 592.
Temporal Proximity
      Rule 609(b) renders a prior conviction presumptively inadmissible if it is one for which the
witness had been released from custody more than ten years before trial.


 Tex. R. Evid. 609(b);
Jackson, 50 S.W.3d at 591; Butler v. State, 890 S.W.2d 950, 954 (Tex. App.—Waco 1995, pet.
ref’d). However, a trial court may nevertheless admit a conviction deemed too remote under this
rule if the court determines that, under the “specific facts and circumstances,” the probative value
of the conviction substantially outweighs its prejudicial effect. Id.
      The impeachment value of a “remote” prior felony conviction increases if the State offers
“[e]vidence of the lack of reformation or subsequent felony and certain misdemeanor convictions.” 
See Lucas v. State, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989); Jackson, 50 S.W.3d at 591.
      The State introduced evidence in the hearing outside the presence of the jury that Smith had
misdemeanor DWI convictions in 1983, 1985, and 1992, and a felony DWI conviction in 2001.


 
This constitutes “[e]vidence of . . . lack of reformation [and of a] subsequent felony . . .
conviction[ ].” Accordingly, we hold that the facts and circumstances presented in this case tend
to support the trial court’s determination that the probative value of the 1981 conviction
substantially outweighs its prejudicial effect.
Similarity to Charged Offense
      The fact that a prior conviction is similar to the present offense weighs against its admissibility
because the similarity might lead a jury to “convict on the perception of a past pattern of conduct,
instead of on the facts of the charged offense.” Theus, 845 S.W.2d at 881; accord Jackson, 50
S.W.3d at 593. In Smith’s case, the 1981 conviction was for possession of methamphetamine. 
He was on trial for felony DWI. Thus, both are similar in that they involve an allegation of
substance abuse. Accordingly, this factor weighs against the admissibility of the prior conviction.
Importance of Defendant’s Testimony/Credibility
      Appellant concedes that these factors favor admissibility.
Conclusion
      We must accord the trial court “wide discretion” in determining whether to admit a prior
conviction for impeachment under Rule 609. Theus, 845 S.W.2d at 881; White, 21 S.W.3d at
646-47. Three of the five factors weigh in favor of admissibility. Two weigh against. Under
these circumstances, we cannot say that the court’s decision “lies outside the zone of reasonable
disagreement.” See id. Accordingly, we overrule Smith’s sole point.
      We affirm the judgment.

                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 1, 2003
Do not publish
[CR25]