**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00181-CR**
_____

**BOBBY ERNEST SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR31219**

**MEMORANDUM OPINION**

Appellant Bobby Ernest Smith appeals his conviction for first-degree felony murder. In two issues on appeal, Smith asserts that his trial counsel did not provide him with effective assistance of counsel. In his first issue, Smith contends his trial counsel was ineffective for failing to litigate the admissibility of six prior convictions, which he contends were inadmissible because of their age and because no specific facts and circumstances linked the offenses with the charge in this case. In his second issue, Smith contends his trial counsel was also ineffective by

1

eliciting testimony from Smith about the six prior convictions during his direct examination of Smith. Smith filed a motion for new trial wherein he raised the ineffective assistance of counsel issues he now raises on appeal. After a hearing on Smith's motion for new trial, the trial court denied Smith's motion. We affirm Smith's conviction.

## Motion for New Trial

We analyze Smith's ineffective assistance of counsel issues as a challenge to the trial court's denial of his motion for new trial. *See Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). We review the trial court's denial of a motion for new trial under an abuse of discretion standard. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). Under this deferential review, we will reverse the trial court's denial of the defendant's motion for new trial only if the trial court's decision is clearly erroneous and arbitrary. *Riley*, 378 S.W.3d at 457. We view the evidence in the light most favorable to the trial court's ruling and defer to the trial court's credibility determinations. *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014). "A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling." *Riley*, 378 S.W.3d at 457.

**Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55, 56-57 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). "This two-pronged test is the benchmark for judging whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result." *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). When it is shown that "no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for [his actions]." *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

In our determination of the effectiveness of counsel, we are "highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813. An appellate court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that counsel's conduct was the result of sound trial strategy. *Strickland*, 466 U.S. at 689. We review the totality of counsel's representation, and do so in light of the circumstances of each case. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). An allegation of ineffectiveness will be sustained only if it is firmly founded in the record and if the record affirmatively demonstrates the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813.

**Admissibility of Remote Prior Offenses**

Several months prior to trial, defense counsel filed a request for notice of the State's intent to introduce evidence of Smith's other crimes, wrongs, or bad acts. In response, the State filed a notice of intent to use evidence of Smith's prior convictions and extraneous offenses, and specifically identified the following: (1) theft in 1987; (2) burglary of a habitation in 1989; (3) burglary of a habitation in 1988; (4) possession of cocaine in 1988; (5) burglary of a habitation 1991; (6) forgery in 1991; (7) a second forgery in 1991; and (8) driving while intoxicated in 2007. The trial of this matter occurred in April 2015. Smith chose to testify in his

4

own defense. However, prior to Smith taking the stand, and outside the presence of the jury, both the court and defense counsel apparently warned Smith that he would be subject to impeachment by the State on his prior convictions should he choose to testify. Thereafter, the State announced its intent to question Smith about his prior felony convictions for impeachment purposes.

During the direct examination of Smith, defense counsel elicited testimony about Smith's six prior felony convictions. Smith testified that he was convicted for burglary of a habitation in 1986; burglary of a habitation in 1988; felony possession of cocaine in 1988; burglary of a habitation in 1991; felony forgery in 1991; and a second forgery conviction in 1991. The State did not cross-examine Smith regarding his prior offenses.

On appeal, Smith first complains that his counsel was ineffective for not challenging the admissibility of the six prior offenses that were each more than ten years old. In his second issue, Smith contends that his counsel was ineffective for subsequently introducing testimony about these prior remote offenses during his direct examination of Smith. Both of Smith's issues are premised upon Smith's contention that the prior offenses were inadmissible pursuant to Rule 609(b) of the Texas Rules of Evidence. We therefore analyze the admissibility of these offenses pursuant to Rule 609(b).

5

Generally, the trial court must admit evidence of a criminal conviction offered to impeach a witness's character for truthfulness if: "(1) the crime was a felony or involved moral turpitude . . . ; (2) the probative value of the evidence outweighs its prejudicial effect to a party; and (3) it is elicited from the witness or established by public record." Tex. R. Evid. 609(a). For criminal convictions that are more than ten years old or when it has been more than ten years since the witness's release from confinement for the conviction, Tex. R. Evid. 609(b) provides that evidence of such a remote criminal conviction is only admissible if it is shown that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." *Id*.

There is no dispute that the six prior convictions at issue in this case were felony convictions. There is also no dispute that more than ten years had passed since Smith's prior convictions or his release from confinement for such convictions. Thus, Smith's prior convictions are subject to the heightened standard of admissibility set forth in Rule 609(b). *See* Tex. R. Evid. 609(b). Evidence of Smith's prior convictions was inadmissible unless the trial court determined the probative value of the evidence, supported by specific facts and circumstances, substantially outweighed the prejudicial effect. *See id.*

The Court of Criminal Appeals set out a non-exclusive list of factors that we should consider when determining whether the probative value of a prior conviction outweighs its prejudicial effect, including: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the prior conviction and the offense being prosecuted; (4) the importance of the witness's testimony; and (5) the importance of the credibility issue. *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992); *see Leyba v. State*, 416 S.W.3d 563, 571 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (considering the *Theus* factors in determining admissibility under Texas Rule of Evidence 609(b)).

The impeachment value of crimes that involve deception is higher than those involving violence, while crimes involving violence have a higher potential for prejudice. *Theus*, 845 S.W.2d at 881. If the prior conviction at issue relates more to deception, then the first factor weighs in favor of admission. *Id*. However, if the prior conviction involves violence, then this factor weighs in favor of exclusion. *See id*.

Temporal proximity "favor[s] admission if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law." *Id*. However, if the past crimes are similar to the current charge, then this factor disfavors

7

admission because the similarity presents a situation in which the jury might convict on the perception of a past pattern of conduct instead of on the facts of the charged case. *Id.*

The last two factors are related and favor admission when the case involves only the testimony of the defendant and the State's witnesses because this escalates the importance of the defendant's credibility and testimony. *Id.* The *Theus* factors are not exclusive and "[t]he application of these factors . . . cannot be performed with mathematical precision[.]" *Id.* at 880. Recently, the Court of Criminal Appeals explained that "[i]n deciding whether, in the interests of justice, the probative value of a remote conviction substantially outweighs its prejudicial effect, a court may consider all relevant specific facts and circumstances, including whether intervening convictions dilute the prejudice of that remote conviction." *Meadows v. State*, 455 S.W.3d 166, 170 (Tex. Crim. App. 2015).

Smith's three convictions for burglary of a habitation and his two convictions for forgery are convictions for crimes of deception. *See Woodall v. State*, 77 S.W.3d 388, 395 (Tex. App.—Fort Worth 2002, pet. ref'd) (forgery); *White v. State*, 21 S.W.3d 642, 647 (Tex. App.—Waco 2000, pet. ref'd) (burglary of a habitation). Thus, the impeachment value of these convictions is high and favors admission. *See Woodall*, 77 S.W.3d at 395; *White*, 21 S.W.3d at 647.

8

Smith's conviction for possession of cocaine, however, is generally not a crime involving deception, but it is also not a crime involving violence. *See Miller v. State*, 196 S.W.3d 256, 268 (Tex. App.—Fort Worth 2006, pet. ref'd) (mem. op.) (concluding that possession of a controlled substance does not involve deception); *Denman v. State*, 193 S.W.3d 129, 136 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (concluding that a conviction for delivery of cocaine is not a crime of moral turpitude or a crime of violence). The first factor does not weigh in favor of or against the admission of evidence of the possession of cocaine conviction.

As mentioned above, there seems to be no dispute that the past convictions were not recent in that the date of the prior convictions or release dates all precede the date of the charged offense by more than twenty years. This factor weighs in favor of exclusion of evidence concerning the past offenses. The third factor requires that we consider the similarity, if any, between the past offenses and the offense for which Smith is now on trial. Smith's current charge is murder. The State alleged that Smith intentionally or knowingly caused the victim's death by shooting the victim with a firearm. There are no facts in the record before us that reveal any similarities between Smith's current charge and his prior convictions for

9

burglary of a habitation, forgery, and possession of cocaine. Accordingly, the third factor would weigh in favor of admission.

Regarding the fourth and fifth *Theus* factors, Smith was the only witness to testify in support of his theory that he killed the victim in self-defense. As the only defense witness who testified, Smith's credibility and testimony were crucial. *See Theus*, 845 S.W.2d at 881. As the importance of the credibility of the witness increases, so, too, does the relevancy of any evidence that tends to impeach his credibility. *See id*. These two final factors weigh in favor of admission. *See id.*

Given that four factors weigh in favor of allowing the State to impeach Smith on his forgery and burglary convictions and three factors weigh in favor of allowing the State to impeach Smith on his possession conviction, we are unable to conclude that it would have been an abuse of discretion for the trial court to have determined that the probative value substantially outweighed the prejudicial effect and to overrule an objection under Rule 609 had defense counsel made one. Consequently, in the context of an ineffective-assistance claim, Smith has not shown his counsel was deficient by failing to challenge the admissibility of Smith's prior convictions.

Smith also complains that his counsel was deficient in eliciting testimony from Smith about his prior offenses. At the motion for new trial hearing, defense

counsel testified that he had filed a request for notice of prior convictions and bad acts and that the State notified him of its intent to introduce evidence of Smith's prior convictions. He testified that the State made it clear to him that it intended to impeach Smith with his prior convictions if Smith chose to testify. He explained that from a strategic standpoint, he believed the State would be allowed to impeach Smith with his prior convictions and that if Smith did not tell the jury about the convictions first, then it would appear that Smith was trying to hide something, which he believed would have a negative impact on the jury's evaluation of Smith's credibility.

Defense counsel testified that he informed Smith that he believed the prior convictions would be admissible to impeach him should Smith choose to testify. Defense counsel did not discuss Rule 609 with Smith because he did not think the Rule 609 challenge would be successful. However, defense counsel discussed with Smith many times that the State had a right to impeach him with his prior offenses. Defense counsel explained that his extensive legal experience coupled with his experience with the trial judge led him to believe the trial judge would have found the prior convictions admissible. Defense counsel testified that because Smith claimed he was defending himself when the victim was shot, it was of paramount importance that Smith appear truthful and open with the jury. Defense counsel

11

testified that because he wanted to establish Smith as a credible person, he brought the prior convictions out during his direct examination of Smith.

Being mindful that we are to be "highly deferential to trial counsel and avoid the deleterious effects of hindsight," we conclude that counsel made a strategic decision to not object to the admissibility of the prior convictions and to elicit the testimony about Smith's prior convictions during his direct examination of Smith because he believed the court would ultimately admit evidence about Smith's prior convictions. *Thompson*, 9 S.W.3d at 813; *see Ohler v. United States*, 529 U.S. 753, 757-58 (2000) (explaining that defense counsel must make a strategic decision whether to introduce prior convictions on direct examination to "remove the sting or to take [his] chances with the prosecutor's possible elicitation of the conviction on cross-examination"). Smith has failed to show that his defense counsel's performance fell below an objective standard of reasonableness.[1] *See Strickland*, 466 U.S. at 687-88. Neither has he shown that no reasonable trial strategy could justify defense counsel's conduct. *See Andrews,* 159 S.W.3d at 102. Therefore, we hold the trial court did not err in denying Smith's motion for new trial.

---

[1] Because Smith has not shown that defense counsel's performance was deficient, we need not reach the prejudice prong of *Strickland*. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984); *Mallett v. State*, 65 S.W.3d 59, 68 (Tex. Crim. App. 2001).

Accordingly, we overrule Smith's two issues and affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 19, 2016
Opinion Delivered July 13, 2016
Do not publish

Before Kreger, Horton, and Johnson, JJ.