

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-17-00324-CR

MICHAEL CHASE JORDAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 7152, Honorable John A. Didway, Presiding

February 5, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Michael Chase Jordan, appeals his conviction for possession of a controlled substance, namely methamphetamine. Three issues pend for our consideration, two of which involve appellant's desire to impeach a testifying officer and one involving due process. We affirm.

*Due Process*

We begin with the due process matter. Appellant asserts that his right to due process was denied him when his conviction was obtained through the use of false

testimony. The allegation of false testimony concerned Sargeant Valdonado's purported refusal to acknowledge that he questioned appellant, at the police station, about a camera bag prior to appellant being mirandized.[1] Appellant sought to impeach Valdonado through a video recording that captured the exchange or, as appellant calls it, the interrogation. The trial court agreed that appellant could use the video for that purpose. However, the court viewed the situation as defense counsel "putting [his] client on through a video of statements made to the police," and, consequently, doing such "does open up his credibility at that point in time." In other words, defense counsel's sponsoring or admitting the video was comparable to appellant testifying, according to the trial court. That resulted in appellant opting to forgo proffering the video. Indeed, no one proffered it into evidence.

Now, appellant contends that his right to due process was denied him because his conviction was obtained through false testimony. The purportedly false testimony is comprised of Valdonado's comments regarding when appellant was mirandized and the subject of his questioning before then. Yet, this particular contention was not mentioned below, which is problematic. It is well settled that the grounds for reversal urged on appeal must comport with the grounds mentioned to the trial court. *Amero v. State*, No. 07-17-00077-CR, 2018 Tex. App. LEXIS 178, at *5 (Tex. App.—Amarillo Jan. 5, 2018, pet. ref'd) (mem. op., not designated for publication). If they do not, then the grounds urged for the first time on appeal were not preserved. *Id.* Furthermore, the obligation to preserve encompasses complaints about whether an accused's right to due process was denied him because his conviction was purportedly obtained through false testimony. *Garza v.*

---

[1] Drugs were found within the bag.

*State*, No. 05-10-00229-CR, 2011 Tex. App. LEXIS 5522, at *19 (Tex. App.—Dallas July 20, 2011, pet. ref'd) (not designated for publication) (wherein the appellant failed to object based on due process or the use of false testimony but rather only on "grounds of hearsay and demonstration before the jury"); *see also Shaw v. State*, No. 04-17-00535-CR, 2018 Tex. App. LEXIS 3807, at *3 (Tex. App.—San Antonio May 30, 2018, pet. ref'd) (mem. op., not designated for publication) (holding that because appellant did not object to the purportedly false testimony, he did not preserve his contention that his right to due process was denied him); *Davis v. State*, 276 S.W.3d 491, 499-500 (Tex. App.—Waco 2008, pet ref'd) (holding the same). Because appellant did not urge his due process ground at trial, it was not preserved for review. Therefore, we overrule the issue.

*Impeachment with Video*

Next, we address the argument that the trial court erred in holding appellant's admission of the same video to impeach Valdonado would allow the State to offer evidence of appellant's prior convictions. Again, the trial court's decision was premised on the belief that so using the video was tantamount to appellant testifying. We overrule the issue.

A defendant who testifies at trial places his credibility at issue and may be impeached like any other testifying witness. *White v. State*, 21 S.W.3d 642, 646 (Tex. App.—Waco 2000, pet. ref'd). Thus, he too may be impeached via Rule 609 of the Texas Rules of Evidence and any other applicable rule of evidence. TEX. R. EVID. 609(a) (permitting the admission of prior criminal convictions for felonies and crimes of moral turpitude if the probative value of same outweighs its prejudicial effect); *White*, 21 S.W.3d at 646. So, had appellant testified, he would have been subject to impeachment through

Rule 609. The pivotal question, though, is whether the admission by a defendant of a video of his interrogation wherein, among other things, he effectively denies that the bag holding the drugs was his is equivalent to testifying for purposes of Rule 609 and other rules concerning impeachment. Appellant did not address this topic via discussion or citation to authority. He merely said such things as his comments on the video were not being used to prove the matter asserted and that his comments were "an unavoidable by-product" of having to impeach Valdonado. Yet, whether his comments in the video, especially those of an exculpatory nature, amounted to his testifying went unmentioned.

Irrespective of whether we have an opinion on the matter, the appellant has the burden to provide us with clear, concise argument for the contentions made, with appropriate citation to legal authority. TEX. R. APP. P. 38.1(i); *see also Bohannan v. State*, 546 S.W.3d 166, 179-80 (Tex. Crim. App. 2017) (stating that it is incumbent on an appellant to cite specific legal authority and to provide legal argument based on that authority). If such citation and argument is missing, the topic has been inadequately briefed and waived. *Ramos v. State*, No. 07-17-00109-CR, 2017 Tex. App. LEXIS 10035, at *4 n.2 (Tex. App.—Amarillo Oct. 25, 2017, no pet.) (mem. op., not designated for publication). Since appellant provided us with neither substantive argument regarding whether use of the video was comparable to his testifying nor citation to legal authority supporting the argument, he inadequately briefed his issue. Therefore, it was waived.

*Impeachment with Evidence of Prior Drug Use*

The final issue we address concerns the argument that the trial court erred because it denied him the chance to impeach Valdonado by asking him, in front of the jury, if he had previously admitted to "selling and using marijuana." We overrule the issue.

A litigant may not test a witness's credibility through the use of specific instances of conduct unless those specific instances involve a conviction for a crime. *Sports-Theme Rests. of N. Tex. Inc. v. Hernandez,* No. 07-99-0175-CV, 2001 Tex. App. LEXIS 2961 (Tex. App.—Amarillo May 7, 2001, no pet.). Impeaching Valdonado by questioning him about his purchase and use of marijuana is tantamount to impeaching him through use of a specific instance of conduct. Moreover, nothing of record indicates that the instance in question involved or resulted in a criminal conviction. Thus, the trial court did not err in barring appellant from impeaching Valdonado in the manner sought.

Additionally, appellant argued that "Valdonado created the impression that misconduct ***on the job*** would result in his dismissal and undermine his credibility" at work. (Emphasis added). The impression was false, though, given the admission about selling and using marijuana. So, according to appellant, he should have been allowed to use the admission to impeach the officer. Yet, appellant acknowledged that nothing of record disclosed that Valdonado used or sold marijuana while employed by the police department. Without knowing when Valdonado used or sold marijuana, we cannot fault the trial court from barring appellant's using the admission to impeach Valdonado about a supposed false impression he left concerning whether "misconduct ***on the job*** would result in his dismissal."

The judgment is affirmed.

Per Curiam

Do not publish.

5