**Freddie Robin EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–93–00071–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 27, 1994.

Decided July 19, 1994.

Rehearing Denied Aug. 30, 1994.

---

Ted Doebbler, pro se.

Freddie Robin Edwards, pro se.

Timothy G. Taft, Asst. Dist. Atty., Houston, for State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

In a jury trial, Freddie Robin Edwards was convicted of unauthorized use of a motor vehicle. His punishment, enhanced by prior convictions, was set by the court at thirty years' imprisonment.

On appeal, Edwards contends that the evidence is insufficient to support his conviction and that the trial court erred in refusing to grant his motion to testify without reference to his prior convictions. We overrule these contentions and affirm the judgment.

■ In two points of error, Edwards contends that the evidence, when measured against the jury charge, is insufficient to support the conviction. He argues that, since the jury charge required a finding that he "operated" the complainant's automobile without consent, the evidence is insufficient because there is no direct evidence that he drove the vehicle in question.

Edwards's challenge to the evidence may fairly be said to attack the factual sufficiency as well as the legal sufficiency of the evidence. As we believe the Texas Constitution gives the courts of appeals exclusive jurisdiction over fact questions, we have examined both the factual sufficiency and the legal sufficiency of the evidence in this case. *See* *Stone v. State*, 823 S.W.2d 375 (Tex.App.–Austin 1992, pet. ref'd, untimely filed).

The evidence, viewed most favorably to the State, shows that just after midnight on November 6, 1992, Richard Cano and his brother heard a Cadillac automobile horn blaring outside their apartment. They recognized the distinctive sound of the horn and investi-

gated. Cano looked out his kitchen window and saw a black man driving off in a Cadillac belonging to Cano's parents. Cano told his brother to tell their parents that their car was being stolen. Then Cano and his father, Leonel Cano, got into Richard's car and chased the Cadillac. It took only about thirty seconds for Richard and Leonel Cano to get from their house to Richard's car and begin their chase. They pursued the Cadillac for about a block and a half to Spring Hill Apartments, the chase taking only about fifteen seconds. Richard Cano saw a black man standing under the Cadillac's raised hood. The Cadillac's door was open, and the engine was running. No one else was near the Cadillac. Richard Cano and his father detained the man until the police came. Leonel Cano identified Edwards as the man who was detained. Richard Cano could not identify Edwards as the black man he saw driving the Cadillac. When the Canos came upon Edwards at the scene, the Cadillac's horn was still blaring; Edwards was leaning under the hood with his hands extended into the engine area; the Cadillac's steering wheel had been broken; and when Leonel Cano asked Edwards what he was doing, Edwards gave no explanation.

Although there is no direct evidence that Edwards drove the Cadillac, the circumstantial evidence that he did so is very strong. Less than a minute elapsed from the time Richard Cano saw a black man drive the Cadillac away and the time he and his father saw Edwards, a black man, looking under the hood while the Cadillac's door was open, the engine was running, and the horn was blaring. No one else was in the vicinity. Edwards failed to give an explanation when he was asked what he was doing. A rational trier of fact could find beyond a reasonable doubt that Edwards drove the Cadillac from the Canos's apartment to the Spring Hill apartment complex.

Edwards also contends that the court should have granted his motion to testify free from any references to his previous convictions. The basis of his motion was that three of his previous convictions were for either unauthorized use of automobiles or burglary of automobiles, and the similarity of those offenses to the offense on trial would tend to make the jury decide his guilt on the basis of his past conduct rather than on the basis of the proof in the instant case, and thus the convictions would not be used for their proper purpose, i.e., impeachment of his credibility.

■ Generally, when a defendant testifies, prior convictions for misdemeanors involving moral turpitude or felonies may be admitted in evidence as impeachment. TEX. R.CRIM.EVID. 609(a). The court, however, should conduct a balancing test to determine if the probative value of the prior convictions is outweighed by their prejudicial effect. Although not exclusive, the following factors should be considered: (1) the prior conviction's impeachment value; (2) its temporal proximity to the crime on trial; (3) the similarity between the prior offenses and the present offense; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Theus v. State,* 845 S.W.2d 874 (Tex.Crim.App.1992). If the prior offenses involved deceptive conduct instead of violence, and if they are recent, the first two factors will favor their admission because they affect credibility and they indicate a propensity for running afoul of the law. *Theus v. State, supra.* If the prior offenses are similar to the one on trial, the third factor will militate against their admission because of the danger that the jury might convict on the basis of past conduct rather than on the facts of the case on trial. The effect of the fourth and fifth factors depends on the type of defense presented.

The trial court has wide discretion in deciding the question of admissibility, and its decision will not be reversed unless it is shown that there was a clear abuse of that discretion. *Theus v. State, supra.*

■ Here, all factors except the third one favor admission of Edwards's prior convictions if he took the stand and testified. Although the third factor usually militates against admission, it does not do so here. In addition to his unauthorized use and burglary of automobile convictions, Edwards had seven ordinary felony theft convictions that made no reference to automobiles. Thus, the overall effect of his prior convictions would

bear on his credibility generally and would not tend to lead the jury to convict him on the basis of past similar crimes. In this situation, the other factors would outweigh any militating effect of the similar convictions, and the trial court did not abuse its discretion in refusing to allow Edwards to testify without being subjected to impeachment for previous crimes pursuant to TEX. R.CRIM.EVID. 609(a).

Edwards has filed a pro se brief. Although he is not entitled to hybrid representation, we have nevertheless fully considered the matters raised in his brief, and we find no reversible error.

The judgment of the trial court is affirmed.