David Alexander **BAILEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–97–00217–CR.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 29, 1998.

Decided Dec. 30, 1998.

Robert B. Ardis, Attorney at Law, Sulphur Springs, for appellant.

Frank Long, Franklin County/Hopkins County District Attorney, Sulphur Springs, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

### OPINION

ROSS, Justice.

David Alexander Bailey was charged by indictment with the offense of unauthorized use of a motor vehicle on June 8, 1993, in Hopkins County, Texas. The jury found Bailey guilty of the charged offense and assessed a punishment of ten years' confinement and a $10,000.00 fine. Bailey appeals from his conviction.

Bailey complains that the trial court erred when it denied his motion for a directed verdict. He argued in that motion that insufficient evidence existed to prove beyond a reasonable doubt that he operated the vehicle in Hopkins County, because no direct evidence was presented.

The challenge to a judge's ruling on a motion for instructed verdict is treated in the same manner as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996). This Court has held that circumstantial evidence alone is enough to withstand an attack on legal as well as factual sufficiency

of the evidence in a conviction for unauthorized use of a motor vehicle. See *Edwards v. State*, 883 S.W.2d 692, 693–94 (Tex.App.—Texarkana 1994, pet. ref'd). In order to determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); see *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996); *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim.App.1991).

■ The evidence, viewed most favorably to the verdict, shows that Kenda Tollkuehn and her daughter accompanied Bailey during a trip from Sulphur Springs, Hopkins County, Texas, to Austin, Travis County, Texas. While in Austin, Bailey experienced mechanical difficulties with his truck. Bailey went to a used car lot and wrote down the key identification number of a 1981 burnt orange Toyota sedan. He then went to a Toyota dealership, where he had a key made for the vehicle. Later, Bailey used the key to steal the vehicle. Bailey, Tollkuehn, and her daughter traveled in the stolen vehicle to Greenville, Hunt County, Texas. In Greenville, Tollkuehn, at the urging of a friend, refused to continue traveling with Bailey. Bailey told Tollkuehn that he was going home, and he left driving the car alone. Bailey lived in Sulphur Springs, Hopkins County, Texas. Ron Mayberry, an investigator for the Sulphur Springs district attorney's office, saw the vehicle in Bailey's front yard. During an interview regarding another matter, Tollkuehn informed officers that the 1981 Toyota sedan previously seen by Mayberry was stolen. She then accompanied Mayberry to Bailey's home, where they observed that the vehicle had been moved to Bailey's back yard. The vehicle had metal plates at the time it was stolen. At Bailey's home, the Toyota had a red tag temporary license plate. The temporary plate indicated that the vehicle had been purchased from Hendrickson's Auto Sales in Sulphur Springs, where Bailey was employed. The original plates were found in the vehicle's trunk. A forged temporary insurance card was found in Bailey's truck, indicating Bailey was insured to drive a 1981 Toyota sedan with the same vehicle identification number as the car stolen from Austin. During a search of Bailey's home, receipts from purchases made in Austin and Georgetown were found, which were consistent with information given to police by Tollkuehn.

Although there is no direct evidence that Bailey drove the 1981 Toyota sedan in Hopkins County, the circumstantial evidence that he did so is very strong. A rational trier of fact could find beyond a reasonable doubt that Bailey drove the vehicle in Hopkins County. The evidence is legally sufficient to support the verdict. Bailey's point of error is overruled.

The judgment is affirmed.